# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| MORGAN HARDY, et al.,<br>    Plaintiffs,<br><br>v.<br><br>JAMES E. MATHIS, et al.,<br>    Defendants. | )<br>)<br>)<br>)    No. 3:04-CV-322<br>)    (Phillips)<br>)<br>) |

## MEMORANDUM AND ORDER

This matter is before the court on plaintiffs' motion in limine [Doc. 37]. Plaintiffs move the court for an order precluding defendants from presenting any evidence of or attempting to attribute comparative fault to an unknown driver during the trial in this case. In support of their motion, plaintiffs state that in their answers, defendants alleged that an unknown driver applied his brakes in a sudden unexpected fashion and was at least partially at fault in the collision. Further, defendants have requested that the fault of the unknown driver be considered by the trier of fact in accordance with the Tennessee doctrine of modified comparative fault. Plaintiffs state that defendants have offered no information as to the actual identity of the alleged tortfeasor other than their description of him in the pleadings as an "unknown driver," and plaintiffs have not been able to obtain any information as to the "unknown driver's" identity.

Plaintiffs assert that attempting to assign comparative fault to a nonparty without identifying the nonparty sufficiently to plead and serve process on the nonparty is

improper as a matter of law, pursuant to *Brown v. Walmart Discount Cities,* 12 S.W.3d 785 (Tenn. 2000). In *Brown,* the Tennessee Supreme Court held that the owner of a Wal-Mart store, who was sued by a patron when the patron slipped and fell on ice and water that had been spilled on the floor in the store,

> could not attribute fault to a nonparty who is not identified sufficiently to allow the plaintiff to plead and service process on such person pursuant to Tenn. Code Ann. § 20-1-119, even if the defendant establishes the nonparty's existence by clear and convincing evidence.

*Id.* At 789. Therefore, plaintiffs request an order precluding defendants from introducing any evidence relating to the alleged comparative fault of the "unknown driver."

Defendants have responded in opposition arguing that plaintiffs' reliance on *Brown* is misplaced, because the Tennessee legislature has specifically allowed for suits to proceed against unknown and unidentified drivers in Tenn. Code Ann. § 56-7-1206(b). The statute provides:

> If the owner or operator of any motor vehicle which causes bodily injury or property damage to a person insured under this part is unknown and if such insured satisfies all of the requirements of Section 56-7-1206(e), should suit be instituted the insured shall issue a John Doe warrant against the unknown owner or operator in order to come within the coverage of the owner's uninsured motorist policy. . . .

Since the Tennessee law specifically contemplates and provides the means by which a plaintiff may proceed against an unknown driver, defendants state, it is appropriate for them to assert that an unknown driver caused or contributed to the accident and any resulting

injuries or damages sustained by plaintiffs. Therefore, defendants assert that plaintiffs' motion to exclude evidence of the unknown driver should be denied.

The court agrees that plaintiffs' reliance on *Brown* is misplaced. In *Marler v. Scoggins,* 105 S.W.3d 596 (Tenn.App. 2002), the Tennessee Court of Appeals addressed the same factual situation presented in the instant case. In *Marler,* the trial court, following a jury verdict finding a motorist and defendant driver each 25% at fault and assigning the remaining 50% of fault to the phantom driver, entered an order striking the defense of comparative fault of the phantom driver. The Tennessee Court of Appeals reversed, holding that a defendant in an automobile accident in which the evidence establishes the existence of an unidentified motorist, may allege and attempt to prove the comparative fault of the unknown motorist even if the plaintiff fails to assert a claim against the unknown motorist under the uninsured motorist statutory scheme. The court further held that the defendant driver was entitled to have comparative fault attributed to the phantom driver. *Id.* at 601.

> The *Marler* court went on to state that:
>
> The [Tennessee] General Assembly has set in place a procedure whereby a party can sue and, if successful, recover against an unknown party, by way of the resources of the plaintiff's uninsured motorist carrier. The public policy of the state, as expressed in the uninsured motorist statutory scheme, has the effect of taking this case out of the rationale underpinning the holding in *Brown.* We hold that *Brown* simply does not apply to the facts of the instant case.

> We agree with the defendant that the right to assign fault to another under the rubric of *McIntyre* prevails in a situation where the existence of the unknown motorist is established in one of the ways authorized by Tenn. Code Ann. § 56-7-1201(e). The fact that a plaintiff does not have an automobile liability insurance policy, or has elected to decline uninsured motorist coverage, or, for whatever reason, has failed to timely pursue a claim against his carrier, is immaterial. The law gives an injured individual that right and the failure to pursue it cannot deprive a defendant of the right to assign fault to an unknown motorist.

*Id.*

I find the reasoning and holding of *Marler* applicable to the instant case. Defendants will be allowed to present testimony and evidence attributing fault to the unknown driver at trial. Accordingly, plaintiffs' motion in limine [Doc. 37] is **DENIED.**

**IT IS SO ORDERED**.

ENTER:

s/ Thomas W. Phillips
United States District Judge

-4-

Case 3:04-cv-00322   Document 41   Filed 09/30/05   Page 4 of 4   PageID #: 34